Kenneth W. Maxwell, Esq.
Nevada Bar No. 9389
Paul T. Landis, Esq.
Nevada Bar No. 10651
BAUMAN LOEWE WITT & MAXWELL
3650 North Rancho Drive, Suite 114
Las Vegas, Nevada 89130
Telephone: (702) 240-6060
Facsimile: (702) 240-4267
Email: kmaxwell@blwmlawfirm.com
       plandis@blwmlawfirm.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, as subrogee of Doug Ansell,<br><br>Plaintiff,<br><br>vs.<br><br>TOTO USA, INC. a Georgia corporation; CHRISTOPHER HOMES, LLC, a Nevada company; DOES I – X, inclusive, and ROE CORPORATIONS I – X, inclusive<br><br>Defendants. | Case No.  2:17-cv-02906-APG-PAL<br><br>**STIPULATED MOTION AND ORDER FOR LEAVE TO FILE AMENDED COMPLAINT** |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, as well as the Court's Discovery Plan and Scheduling Order, Plaintiff, FARMERS INSURANCE EXCHANGE ("Plaintiff" or "Farmers"), and Defendant, TOTO USA, INC. ("Defendant") (collectively, the "Parties"), by and through their undersigned counsel, respectfully submit this Stipulated Motion and Order for Leave to File Amended Complaint.

In support of the instant Motion, the Parties state as follows:

1. Good cause exists to grant this Motion. Among other things, Plaintiff has advanced this case by naming an additional defendant in its Amended Complaint, which is attached hereto as Exhibit A.

2. This Motion is timely pursuant to the Court's Discovery Plan and Scheduling Order, dated January 10, 2018. Per said Order, the "Parties shall have until March 22, 2018 to file any motions to amend the pleadings to add parties." (Dkt. 10).

3. The Parties have conferred regarding this Motion, and Defendant consents to Plaintiff's Amended Complaint in the form attached hereto as Exhibit A. As such, the Parties stipulate to the entry of Plaintiff's Amended Complaint.

WHEREFORE, the Parties jointly request that the Court grant this Motion for leave to file Plaintiff's Amended Complaint, and order that Plaintiff's Amended Complaint be entered on the docket of Case No. 2:17-cv-02906-APG-PAL effective as of the date of the Court's order.

DATED this 20th day of March, 2018.

| SNELL & WILMER | BAUMAN LOEWE WITT & MAXWELL |
|---|---|
| /s/ Alexandria Layton | /s/ Paul T. Landis |
| By:_____ | By:_____ |
| Daniel S. Rodman, Esq. (NSBN 8239) | Kenneth W. Maxwell (NSBN 9389) |
| Alexandria Layton, Esq. (NSBN 14228) | Paul T. Landis (NSBN 10651) |
| 3883 Howard Hughes Parkway, Suite 1100 | 3650 N. Rancho Drive, Suite 114 |
| Las Vegas, NV 89169 | Las Vegas, NV 89130 |
| *Attorneys for Defendant TOTO USA, Inc.* | *Attorneys for Plaintiff* |

IT IS ORDERED: The Motion is granted. Plaintiff is likewise granted leave to file its Amended Complaint.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: this __23__ of March, 2018

3015985v1

# EXHIBIT "A"

EXHIBIT "A"

Kenneth W. Maxwell, Esq.
Nevada Bar No. 9389
Paul T. Landis, Esq.
Nevada Bar No. 10651
BAUMAN LOEWE WITT & MAXWELL
3650 North Rancho Drive, Suite 114
Las Vegas, Nevada 89130
Telephone:   (702) 240-6060
Facsimile:    (702) 240-4267
Email: kmaxwell@blwmlawfirm.com
           plandis@blwmlawfirm.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, as subrogee of Doug Ansell,<br><br>Plaintiff,<br><br>vs.<br><br>TOTO USA, INC. a Georgia corporation; CHRISTOPHER HOMES, LLC, a Nevada company; DOES I – X, inclusive, and ROE CORPORATIONS I – X, inclusive<br><br>Defendants. | Case No.   2:17-cv-02906-APG-PAL<br><br>**AMENDED COMPLAINT** |

Plaintiff for its Amended Complaint against Defendants alleges as follows:

I.

**JURISDICTIONAL ALLEGATIONS**

1. During the period of time relevant to the matters stated herein, FARMERS INSURANCE EXCHANGE (hereinafter, "Plaintiff") was a foreign insurance company duly authorized to conduct business as an insurance company in the County of Clark, State of Nevada.

2. During the period of time relevant to the matters stated herein, Plaintiff's insured, Doug Ansell (hereinafter, "Ansell") was and is an individual who owned a single-family residence (hereinafter, the "Residence") located at 3059 Red Arrow Dr., Las Vegas, NV 89135, in the County of Clark, State of Nevada.

3. Defendant TOTO USA, INC. (hereinafter "TOTO") is, and at all times relevant

Page 1 of 12

to the matters pleaded herein was, a Georgia corporation duly authorized to transact business in the County of Clark, State of Nevada.

4. TOTO caused and/or contributed to a water loss, as described herein, that occurred within the County of Clark, State of Nevada, out of which this action arises.

5. Defendant CHRISTOPHER HOMES, LLC (hereinafter "CHRISTOPHER HOMES") is, and at all times relevant to the matters pleaded herein was, a Nevada corporation and a Nevada contractor duly authorized to transact business in the County of Clark, State of Nevada.

6. CHRISTOPHER HOMES caused and/or contributed to a water loss, as described herein, that occurred within the County of Clark, State of Nevada, out of which this action arises.

7. Venue is property in the County of Clark, State of Nevada because this matter flows directly from a water loss at the Residence, as described herein, which is located in the County of Clark, State of Nevada.

8. The damages sustained by Plaintiff, as described herein, are $94,842.94.

## II.

## GENERAL ALLEGATIONS

9. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 8 above as though fully set forth herein.

10. During the period of time relevant to the matters stated herein, Plaintiff's insured, Doug Ansell (hereinafter, "Ansell") was and is an individual who owned a single-family residence (hereinafter, the "Residence") located at 3059 Red Arrow Dr., Las Vegas, NV 89135, in the County of Clark, State of Nevada.

11. At all times relevant to this Complaint, Plaintiff provided insurance covering losses to its insured Ansell, under a homeowner's policy (the "Policy").

12. Ansell purchased a faucet (the "Product") manufactured by TOTO.

13. CHRISTOPHER HOMES and/or its agents, subcontractors, representatives and/or employees installed the Product and/or performed other work related to and/or

1 | affecting the Product.

2 | 14. On or about November 8, 2015, the Product failed and caused extensive
3 | water damage at the Residence (the "Water Loss").

4 | 15. Ansell submitted a claim to Plaintiff for damages arising from the water
5 | damage that took place in the Residence on or about November 8, 2015 ("Loss").

6 | 16. By reason of the foregoing Water Loss, Plaintiff became obligated to pay
7 | certain sums pursuant to the Policy in the amount of $94,842.94 for the damage to the
8 | Residence and personal property of Ansell.

9 | 17. Pursuant to the Policy, equity, and law, Plaintiff is subrogated to the rights of
10 | Ansell in the amount of all payments made in response to Ansell's claims for coverage
11 | under the Policy for the Loss.

12 | 18. On or around March 22, 2017, Plaintiff demanded payment from TOTO for
13 | the damage its defective Product caused to Ansell's personal property and Residence.

14 | 19. TOTO refused to pay Plaintiff's demand, which resulted in this litigation.

15 | 20. Plaintiff has been required to retain the services of an attorney to prosecute
16 | this action and the Court should order Defendant to pay a reasonable amount of
17 | attorney's fees together with the costs of suit incurred herein.

18 | 21. Pursuant to NRS 17.130, Plaintiff is entitled to pre-judgment interest from the
19 | date of filing suit.

20 | III.

21 | **FIRST CAUSE OF ACTION**

22 | **(Negligence Products Liability against TOTO)**

23 | 22. Plaintiff repeats and re-alleges each and every allegation contained in
24 | paragraphs 1 through 21 above as though fully set forth herein.

25 | 23. TOTO owed a duty to Ansell and all foreseeable users of the Product, to
26 | exercise reasonable care in its design, manufacture, instructions and warnings of the
27 | Product such that the materials in the Product would not deteriorate when exposed to
28 | municipal water resulting in a water loss and/or would not deteriorate as a result of

3015452v1

foreseeable installation methods and/or plumbing work.

24. TOTO breached its duty of care to Ansell when it negligently and carelessly warned, designed, instructed and manufactured the Product with material which deteriorated when exposed to municipal water and/or foreseeable installation methods and/or plumbing work, and resulted in a water loss.

25. As a direct and proximate result of TOTO's breach of its duties of care, the Product was defective and failed when it leaked causing water to flow and damaging the Residence and personal property of Ansell.

IV.

## SECOND CAUSE OF ACTION

### (Strict Products Liability against TOTO)

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 above as though fully set forth herein.

27. The Product was defective in its design and/or manufacturing, and warnings when it left TOTO's control, making it unreasonably dangerous for the purpose for which it was intended.

28. The Product was defective because the acetyl plastic used in the manufacture of the Product deteriorated from normal levels of chlorine found in municipal water supplies and/or deteriorated as a result of foreseeable installation methods and/or plumbing work.

29. As a direct and proximate result of such defects, water leaked from the deteriorated Product causing extensive water damage to Ansell's Residence and personal property in excess of $15,000.00.

V.

## THIRD CAUSE OF ACTION

### (Breach of Express Warranty against TOTO)

30. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 29 above as though fully set forth herein.

3015452v1

31. Ansell and TOTO entered into a contract for the sale of the Product.

32. Through its advertising materials, sales presentations, models, samples, affirmations of fact or promise, discussions, and/or examples TOTO expressly warranted that the Product had flawless performance, were lasting and would not catastrophically fail and damage other property.

33. The Product did not conform to the advertising materials, sales presentations, models, samples, affirmations of fact or promise, discussions, and/or examples.

34. TOTO breached said warranty when the acetyl plastic in the Product deteriorated which allowed water to flow from the Product into the Residence.

35. TOTO's breach was the proximate cause of the loss sustained by Ansell as water flowed directly from the leak in the Product and damaged Ansell's Residence and personal property.

## VI.

## FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty of Merchantability against TOTO)**

36. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 35 above as though fully set forth herein.

37. Ansell and TOTO entered into a contract for the sale of the Product.

38. At the time of the purchase, TOTO was in the business of selling, distributing, and/or manufacturing faucets of the same design, make and model as the Product and held itself out as having special knowledge or skill regarding such Products.

39. The Product was not of fair, average quality, or the same quality as those generally acceptable in the trade, and was not fit for the ordinary purposes for which such goods are used.

40. As a direct and proximate result of such defects, the Product leaked causing extensive water damage to the Residence and personal property of Ansell.

3015452v1

VII.

## FIFTH CAUSE OF ACTION

**(Breach of Implied Warranty of Fitness for a Particular Purpose against TOTO)**

41. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 40 above as though fully set forth herein.

42. Ansell and TOTO entered into a contract for the sale of the Product.

43. At the time of purchase, TOTO knew or had reason to know the purpose for which the Product was being purchased and that Ansell was relying on its skill and judgment to select or furnish a product that was suitable for the particular purposes of Ansell.

44. Ansell relied on TOTO's skill and/or judgment when deciding to purchase the Product.

45. The Product was defective and was not fit for the purposes of Ansell.

46. As a direct and proximate result of such defects, the Product leaked causing extensive water damage to the Residence and personal property of Ansell.

VIII.

## SIXTH CAUSE OF ACTION

**(Deceptive Trade Practice against TOTO)**

47. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 46 above as though fully set forth herein.

48. TOTO represented that the Product was of a particular standard, quality or grade even though it knew or should have known the Product was of another standard, quality or grade.

IX.

## SEVENTH CAUSE OF ACTION

**(Negligence against Christopher Homes)**

3015452v1

49. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 48 above as though fully set forth herein.

50. Christopher Homes owed plaintiff's insured a duty of care to properly supervise, inspect, construct, maintain, install or otherwise perform work at the Residence related to the installation of the Product and/or the plumbing at the Residence.

51. Christopher Homes breached its duty of care by failing to properly conduct the work and/or supervise the work related to installation of the Product and/or the plumbing at the Residence.

52. Christopher Homes' negligence caused the Water Loss.

53. As a directed proximate consequence of Christopher Homes' negligence, the Water Loss caused extensive water damage to the Residence and personal property of Ansell.

X.

### EIGHTH CAUSE OF ACTION

**(Negligent Hiring and Supervision against Christopher Homes)**

54. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 53 above as though fully set forth herein.

55. Christopher Homes had a duty to properly evaluate the qualifications and conduct appropriate background checks on its employees and/or agents before hiring them.

56. Christopher Homes had a duty to properly supervise, monitor, and otherwise instruct its employees and/or agents.

3015452v1

57. Christopher Homes failed to fulfill its duties in this regard, thereby breaching its duty to any potential plaintiff and/or third-party, specifically Christopher Homes' breached its duty of care to the Plaintiff's insured.

58. Christopher Homes' negligence caused the Water Loss.

59. As a direct proximate consequence of Christopher Homes' negligence, the Water Loss caused extensive water damage to the Residence and personal property of Ansell.

## XI.

## NINTH CAUSE OF ACTION

### (Negligence Per Se against Christopher Homes)

60. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 59 above as though fully set forth herein.

61. Christopher Homes, its employees, and/or its agents installed or caused the Product and/or plumbing and/or plumbing components at the Residence to be installed in violation of statutes, building codes and/or applicable regulations.

62. Christopher Homes was required by statute, code and/or regulation to properly install the Product and/or plumbing and plumbing components at the Residence.

63. Plaintiff's insured is within the class of persons intended to be protected by the statutes, building codes and/or regulations.

64. Damage caused by the Water Loss is the type of injury that the above-referenced statutes, codes and/or regulations were intended to prevent.

65. Christopher Homes and/or its agents and/or its employees failed to properly install the Product and/or plumbing and/or plumbing components at the Residence.

3015452v1

66. If Christopher Homes and/or its employees and/or its agents had properly installed the Product and/or plumbing and/or plumbing components at the Residence in compliance with the building codes and/or applicable statutes and/or regulations, then the Water Loss would not have occurred.

67. As a direct and proximate consequence of the Christopher Homes' failure to properly install the Product and/or plumbing and/or plumbing components at the Residence as required by the building codes and/or statutes and/or regulations there was extensive water damage to the Residence and personal property of Ansell.

XII.

## NINTH CAUSE OF ACTION

### (Breach of Contract/Warranty against Christopher Homes)

68. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 67 above as though fully set forth herein.

69. Christopher Homes contracted expressly and/or orally, with Plaintiff's insured to properly install the Product and/or plumbing and all associated components in a workmanlike manner and in conformance with applicable codes, statutes, regulations and industry standards.

70. Plaintiff's insured performed all conditions precedent and/or all conditions precedent have occurred.

71. All contracts at issue contained the implied covenant of good faith and fair dealing pursuant to which Christopher Homes agreed to provide Plaintiff's insured with the benefit of properly functioning plumbing.

72. In addition, Christopher Homes expressly and/or impliedly warranted that the Product and plumbing work and all associated components would be installed

3015452v1

properly and in conformance with all applicable codes, statutes, regulations and industry standards.

73. The Product and/or other plumbing and/or plumbing components were not properly installed in that Christopher Homes' work caused the Water Loss in breach of contract and warranty.

74. The damage from the Water Loss was a foreseeable consequence of Christopher Homes' breach of contract and warranty.

75. As a direct and proximate consequence of these contract and warranty breaches, Christopher Homes caused the Water Loss and extensive water damage to the Residence and personal property of Ansell.

XIII.

**NINTH CAUSE OF ACTION**

**(Res Ipsa Loquitur against Christopher Homes)**

76. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 75 above as though fully set forth herein.

77. During installation of the Product and/or plumbing and/or plumbing components, the Product and/or other plumbing and plumbing components and all related parts were in the possession of and under the exclusive control of Christopher Homes and/or its employees and/or its agents.

78. Plaintiff's insured made no changes or alterations to the Product or other plumbing or plumbing components after they were installed by Christopher Homes.

79. Water loss from plumbing does not occur in the ordinary course of events if those who have control over installation of the plumbing and its components that caused such water loss use ordinary care when installing them.

3015452v1

80. The circumstances surrounding the cause of the Water Loss were such that Plaintiff's insured may not be in a position to know the specific conduct that caused the Water Loss.

81. Plaintiff's insured did not cause the Water Loss nor caused the Product and/or other plumbing and/or plumbing components to fail.

82. The negligence of Christopher Homes caused the Product and/or other plumbing and plumbing components to fail thereby causing the Water Loss.

83. As a direct and proximate consequence of the negligence of Christopher Homes, Christopher Homes caused the Water Loss and extensive water damage to the Residence and personal property of Ansell.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1. Damages in an amount to be proved at trial;
2. Pre-judgment interest at the prevailing statutory rate;
3. Post-judgment interest at the prevailing statutory rate;
4. Attorney fees as allowed by law;
5. Costs of this action; and
6. Any additional or further relief that this Court deems necessary under the circumstances.

/ / /

/ / /

/ / /

/ / /

/ / /

3015452v1

1 | Dated this 21st day of March, 2018.

2

3 |         BAUMAN LOEWE WITT & MAXWELL, P.L.L.C.

4 |     /s/ Paul T. Landis

5 | By: _____
    KENNETH W. MAXWELL, ESQ.
    Nevada Bar No. 9389
6 |     PAUL T. LANDIS, ESQ.
    Nevada Bar No. 10651
7 |     3650 N. Rancho Dr., Suite 114
    Las Vegas, NV 89130

3015452v1