1  Daniel S. Rodman
   Nevada Bar No. 8239
2  Alexandria L. Layton
   Nevada Bar No. 14228
3  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
4  Las Vegas, NV 89169
   Telephone: (702) 784-5200
5  Facsimile: (702) 784-5252
   Email: drodman@swlaw.com
6  Email: alayton@swlaw.com

7  *Attorneys for Defendant*
   *TOTO USA, INC.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, as subrogee of Doug Ansell,<br><br>Plaintiff,<br><br>vs.<br><br>TOTO USA, INC., a Georgia corporation; CHRISTOPHER HOMES, LLC, a Nevada company; DOES I – X, inclusive, and ROE CORPORATIONS I – X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02906-APG-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS STIPULATED and agreed by the parties to this action that, in order to facilitate discovery, in which the parties may request production of documents containing proprietary, trade secret and confidential information of Defendant TOTO USA, INC. ("Toto") and related companies, that the following protective order shall be entered by the court.

///

///

///

///

///

///

## STIPULATED PROTECTIVE ORDER REGARDING
## THE CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

Pursuant to Federal Rule of Civil Procedure 26(c), the parties, in connection with the above-captioned action agree to the following Stipulated Protective Order to facilitate the exchange of discoverable information and, in particular, the production of documents, the service of discovery responses, and the taking of testimony. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect.

1. Documents or information containing confidential or proprietary business information and/or trade secrets ("Confidential Information") that bear significantly on the claims or defenses of defendant Toto is likely to be disclosed or produced during the course of discovery in this litigation;

2. Toto asserts that public dissemination and disclosure of Confidential Information could severely injure or damage Toto and would place Toto at a competitive disadvantage; and

3. Entry of an order controlling access to and dissemination of Confidential Information will protect the respective interests of the parties and facilitate the progress of disclosure and discovery in this case,

**THEREFORE, IT IS STIPULATED:**

1. Documents, discovery responses, and deposition testimony containing Confidential Information produced, served or given by Toto in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents, discovery responses, or deposition testimony designated by Toto as "Confidential" upon production or containing Confidential Information and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

/ / /

/ / /

/ / /

      2.     Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

      3.     Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

      (a)     Counsel in this action for the party or parties receiving Protected Documents or any information contained therein;

      (b)     Employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

      (c)     Retained experts, advisors and consultants (including persons working for or with such experts, advisors and consultants) of the party or parties receiving Protected Documents ("Retained Experts"), to the extent necessary to perform their work in connection with this case; and

      (d)     The Court, Court personnel, and any Special Masters and/or Mediators appointed by the Court, under seal.

Protected Documents and any information contained therein shall be used solely for use and in connection with the above-captioned action.

      4.     Before the Retained Experts described in subparagraph 4(c) above are given access to Protected Documents, each person to whom a receiving party or its representatives intend to deliver, exhibit, or disclose any of the Protected Documents or Confidential Information or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as **Exhibit A**, to be bound by its terms.

      5.     The term "copy" as used herein means any photographic, mechanical, electronic or computerized copy or reproduction of any document or thing, including, but not limited to, any electronic, photographic or computerized copy, or any transcript, in whole or in part, of such document or thing.

6. Should a party desire to file with the court a Protected Document or any other submission, *e.g.*, pleading, motion, brief, or affidavit that contains Confidential Information or should such Protected Document or Protected Information be entered through testimony or as an exhibit at trial, the Protected Document and Protected Information shall be sealed by the terms of this Stipulated Protective Order and access to such materials and testimony shall be limited to those persons described in Paragraph 4 above. ~~Any filing, trial exhibit or trial transcript shall be filed in a sealed container or envelope endorsed with the title of this action and the words "Confidential-Subject to Protective Order."~~ [Stricken by the court.] The use of Protected Documents or Protected Information in pleadings, court submissions or at trial does not waive the provisions of this Stipulated Protective Order.

7. Any Protected Documents attached as an exhibit to any deposition taken in this action and any deposition testimony containing information from or referring to Protected Documents shall be sealed and protected from disclosure by this Stipulated Protective Order. The use of Protected Documents during depositions in this action does not waive the terms of this Stipulated Protective Order.

8. Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

9. During portions of depositions at which Protected Documents or information designated as "Confidential" are used, persons, other than court reporters, videographers or transcribers, who are not entitled to access to the Protected Documents or Confidential Information covered by this Stipulated Protective Order shall be excluded.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. Counsel for Plaintiff represents that they have not received from any source Toto documents marked as "Confidential" except pursuant to and consistent with confidentiality orders entered in other actions to which Toto and Plaintiff's Counsel are parties.

12. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

13. A party who receives a request or subpoena for the production or disclosure of Protected Documents or Confidential Information under the terms of this Order shall, within three business days, give counsel for Toto written notice (via both facsimile and U.S. mail) of the request or subpoena and forward a copy of the request or subpoena. No Protected Documents or Confidential Information shall be produced until Toto has received a copy of the request or subpoena and had a reasonable opportunity to file a motion for relief. If Toto makes a motion or other application for relief from the subpoena or other request in the appropriate forum, the party who received such materials shall not produce or disclose the requested information without consent of Toto or until ordered to do so by a court of competent jurisdiction.

14. If a party that receives Protected Documents or Confidential Information discovers that, whether through inadvertence or otherwise, it has disclosed or provided documents or information designated as "Confidential" to any person or entity not authorized to review it under the terms of this Stipulated Protective Order, then that party shall promptly (a) make reasonable best efforts to seek the return of the documents or information, (b) inform Toto of the disclosure and the relevant circumstances (including the identity(ies) of the person or entity to whom disclosure was made), and (c) advise the recipient of the provisions of this Order and request that they agree to its terms in writing by signing the certification attached as Exhibit A. This paragraph does not limit the remedies that Toto may pursue for breach of this Stipulated Protective Order.

15. This Stipulated Protective Order does not authorize or require disclosure of documents or information protected by or subject to claims of privilege or protection, including

but not limited to the attorney-client privilege, work product protection, and joint defense or common interest privilege. If a party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not waive otherwise applicable claims of privilege or protection. Upon receipt of written notice identifying privileged or protected documents that were inadvertently or mistakenly produced, the receiving party shall within ten (10) business days: (a) return or certify the destruction of all such documents; and (b) destroy any work product or portions of any work product containing or reflecting their contents.

16. After termination of this litigation, the provisions of this Order shall continue to be binding. ~~This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.~~ [Stricken by the court.]

17. At the conclusion of the work of the Retained Experts as defined in herein, all Protected Documents and all reports, reliance materials, copies, prints, negatives, notes, information derived therefrom, and summaries thereof shall be returned to the attorneys who retained the Retained Experts provided access to the Protected Documents and Confidential Information. At the time of the return, an Affidavit in the form of **Exhibit B** attached hereto shall be executed by the Retained Experts who have had access to the Protected Documents and Confidential Information, stating that they have complied with the provisions of this Stipulated Protective Order. Such Affidavit shall be returned to the attorneys who provided access to the Protected Documents and Confidential Information and be maintained by them. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, the parties receiving the Confidential Documents pursuant to this Stipulated Protective Order shall provide to counsel for Toto all Protected Documents produced under the terms of this Stipulated Protective Order. However, upon notice to Toto, counsel for plaintiff may keep one set of the Protected Materials for use in other litigation as allowed under Paragraph 4. The parties receiving the Confidential Documents pursuant to this Stipulated Protective Order shall further provide to counsel for Toto at such time of re-delivery an

1  Affidavit in the form of **Exhibit B** attached hereto representing compliance, as outlined herein, with the terms of this Stipulated Protective Order and all Affidavits received by such parties pursuant to this paragraph.

18. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Respectfully submitted this 24th day of July, 2018.

| SNELL & WILMER L.L.P. | BAUMAN LOEWE WITT & MAXWELL |
|---|---|
| By: /s/ Daniel S. Rodman | By: |
| Daniel S. Rodman | Kenneth W. Maxwell |
| Nevada Bar No. 8239 | Nevada Bar No. 9389 |
| Alexandria L. Layton | Paul T. Landis |
| Nevada Bar No. 14228 | Nevada Bar No. 10651 |
| 3883 Howard Hughes Pkwy, Suite 1100 | 3650 North Rancho Drive, Suite 114 |
| Las Vegas, NV 89169 | Las Vegas, NV 89130 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| *Toto USA, Inc.* | |

THE HAYES LAW FIRM

By: _____
Dale A. Hayes, Jr.
Nevada State Bar No. 9056
4735 S. Durango Dr., Suite 105
Las Vegas, Nevada 89147
*Attorney for Defendant*
*Christopher Homes, LLC*

## ORDER

IT IS SO ORDERED.

DATED this  2nd  day of  August , 2018.

_____
Presiding Judge

1. Affidavit in the form of **Exhibit B** attached hereto representing compliance, as outlined herein, with the terms of this Stipulated Protective Order and all Affidavits received by such parties pursuant to this paragraph.

18. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Respectfully submitted this _____ day of May, 2018.

| SNELL & WILMER L.L.P. | BAUMAN LOEWE WITT & MAXWELL |
|---|---|
| By: _____<br>Daniel S. Rodman<br>Nevada Bar No. 8239<br>Alexandria L. Layton<br>Nevada Bar No. 14228<br>3883 Howard Hughes Pkwy, Suite 1100<br>Las Vegas, NV 89169<br>*Attorneys for Defendant*<br>*Toto USA, Inc.* | By: /s/ Paul Landis<br>Kenneth W. Maxwell<br>Nevada Bar No. 9389<br>Paul T. Landis<br>Nevada Bar No. 10651<br>3650 North Rancho Drive, Suite 114<br>Las Vegas, NV 89130<br>*Attorneys for Plaintiff* |

THE HAYES LAW FIRM

By: _____
Dale A. Hayes, Jr.
Nevada State Bar No. 9056
4735 S. Durango Dr., Suite 105
Las Vegas, Nevada 89147
*Attorney for Defendant*
*Christopher Homes, LLC*

### ORDER

IT IS SO ORDERED.

DATED this _____ day of _____, 2018.

_____
Presiding Judge

- 7 -

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, as subrogee of Doug Ansell,<br><br>Plaintiff,<br><br>vs.<br><br>TOTO USA, INC., a Georgia corporation; CHRISTOPHER HOMES, LLC, a Nevada company; DOES I – X, inclusive, and ROE CORPORATIONS I – X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02906-APG-PAL<br><br><br>**EXHIBIT "A"** |

STATE OF _____

COUNTY OF _____

     I certify that I have read the attached Stipulated Protective Order entered in the above entitled and numbered action.  Before reviewing or receiving access to the contents of any documents, materials and/or matters designated as "Confidential" or "Produced Pursuant to Protective Order," I acknowledge and agree that I am personally bound by and subject to the terms of the Stipulated Protective Order.  I further agree to abide by all terms of the Stipulated Protective Order.  I subject myself to the jurisdiction and venue of this Court for the purpose of enforcement of the Stipulated Protective Order.

                                                                                                                                                        _____

Subscribed and sworn to before me this

 _____ day of _____, 2018.

_____
NOTARY PUBLIC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, as subrogee of Doug Ansell,<br><br>Plaintiff,<br><br>vs.<br><br>TOTO USA, INC., a Georgia corporation; CHRISTOPHER HOMES, LLC, a Nevada company; DOES I – X, inclusive, and ROE CORPORATIONS I – X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02906-APG-PAL<br><br><br>**EXHIBIT "B"** |

### AFFIDAVIT REGARDING DOCUMENTS PROVIDED PURSUANT TO STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND MATERIALS

_____, being first duly sworn, upon his or her oath, deposes and says:

1. I have been provided copies of, or access to, confidential documents, materials, and information that are subject to a Stipulated Protective Order Regarding: Confidentiality of Documents and Materials ("Stipulated Protective Order") in the above-captioned action (hereinafter "Protected Documents").

2. I have read and complied with all of the provisions of the Stipulated Protective Order entered in the action regarding the Protected Documents.

3. In formulating my opinions or in preparing for and/or assisting in the trial of the above-captioned action, I have provided the following individuals copies of, or access to, the Protected Documents at the address stated: _____.

4. The individuals listed in Paragraph 3 are the only individuals to whom I provided copies of, or access to, the Protected Documents.

1. 5. Before providing copies of, or access to, the Protected Documents to the individuals listed in Paragraph 3, I required that said individuals read a copy of the Stipulated Protective Order in this action.

6. The individuals listed in Paragraph 3 have executed Affidavits stating that they have complied with the terms of the Stipulated Protective Order and have returned all copies of Protected Documents and a copy of each such Affidavit is attached hereto.

7. I have made no copies of the Protected Documents provided pursuant to the Stipulated Protective Order, other than those that have been returned to plaintiff's counsel.

8. With the Affidavit, I have returned all copies of Protected Documents provided to me in the above-captioned action pursuant to the Stipulated Protective Order and have returned all Affidavits of those individuals to whom I provided copies of, or access to, the Protected Documents.

9. After submitting this Affidavit and the attached Affidavit Regarding Documents Provided Pursuant to Stipulated Protective Order Regarding Confidentiality of Documents and Materials and all copies of the Protected Documents to plaintiff's counsel, pursuant to the requirements set forth in the Stipulated Protective Order, I will not have any original or copies of the Protected Documents whether in paper, DVD, video or electronic format.

10. I have otherwise complied with all of the terms of the Stipulated Protective Order covering confidential documents and materials produced in the above-captioned action.

_____

Subscribed and sworn to before me this

_____ day of _____, 2018.

_____
NOTARY PUBLIC